## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                     :

**ROBERT J. GALLAGHER,**          :    Civil Action No. 1:10-cv-11005-GAO

                                :

      **Plaintiff,**                 :

                                :    **THIRD AMENDED**

            **VS**                :    **COMPLAINT AND DEMAND**

                                :    **FOR JURY TRIAL**

                                :

**TOWN OF BARNSTABLE,**        :

*et al.*                                :

                                :

      **Defendants.**            :

_____:

      **NOW COMES** Plaintiff, Robert J. Gallagher (hereinafter "Mr. Gallagher" or "Plaintiff") and hereby submits his Third Amended Complaint and Demand for Jury Trial.

## PARTIES

1.     Plaintiff, Robert J. Gallagher, is a citizen of the United States of America and a resident of the Commonwealth of Massachusetts.

2.     Defendant, Town of Barnstable, is a municipal corporation duly incorporated under the laws of the Commonwealth of Massachusetts, located in the County of Barnstable, Massachusetts.

3.     Defendant, Barnstable School District, is, at all relevant times, a department of the Town of Barnstable, responsible for operating public schools in the Town of Barnstable.

4.     Defendant, Barnstable School Committee, is a committee within and for the Town of Barnstable charged with determining policies for public schools in Barnstable, Massachusetts, and for hiring the Superintendent of Schools.

5.     Defendant, Patricia Grenier, at all relevant times was and is Superintendent of Schools in Barnstable, Massachusetts, and is a citizen of the United States of America and a resident of the Commonwealth of Massachusetts.

6.     Defendant, Patricia Graves, at all relevant times was the Principal of Barnstable High School, and is a citizen of the United States of America and a resident of the Commonwealth of Massachusetts.

1

7.	Defendant Kenneth W. VanCor, is a citizen of the United States of America and a resident of the Commonwealth of Massachusetts, and an employee and agent of the Barnstable School District.

## JURISDICTION & VENUE

8.	This action arises under the 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.  This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 [Federal Question jurisdiction].

9.	Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) because (i) Defendants can be found and resides in this district and (ii) a substantial part of the events giving rise to this action occurred in this district.

10.	Personal jurisdiction over the defendants in this Court is appropriate pursuant to the Massachusetts Long Arm Statute, Mass.Gen.Laws, ch. 223A, sec. 2, in that all defendants are either domiciled in or organized under the laws of the Commonwealth of Massachusetts.

## FACTUAL BACKGROUND

11.	Plaintiff is, for grades 5-12, certified to teach Math, Latin, and Social Studies in the Commonwealth of Massachusetts and he is eligible for recertification to teach English.

12.	Plaintiff is, for grades 5-12, also certified in School Administration.

13.	Plaintiff holds the following degrees: an A.B. in Humanities-Latin, a Master of Education (Curriculum), a Master of Arts (U.S. History), a Master of Divinity (Theology), a Doctor of Ministry (Counseling) and a Juris Doctor.

14.	Plaintiff is also an ordained Priest and presently serves as a Supply Priest for local parishes and nursing homes.

15.	In or about August 2008, Plaintiff was hired by Defendants to teach Latin in the Foreign Language Department of Barnstable High School in the Barnstable Public Schools.

16.	At all relevant times, Defendant Van Cor was the Head of the Foreign Language Department of Barnstable High School.

17.	At all relevant times, Defendant Graves was the Principal of Barnstable High School.

2

18.     At all relevant times, Defendant Grenier was Superintendent of Barnstable
        Public Schools.

19.     A New Teachers' Workshop for Barnstable High School occurred on or about
        August 21 & 22, 2008, at which Plaintiff's attendance was required.

20.     At the New Teachers' Workshop, Plaintiff informed Defendant Van Cor that
        Plaintiff's intended residence was not yet available for occupation, whereupon
        Defendant Van Cor urged Plaintiff to take up temporary residence with him.

21.     Plaintiff politely declined Defendant Van Cor's offer of temporary residence,
        whereupon Defendant Van Cor became obviously agitated.

22.     Plaintiff is male.

23.     At all relevant times, Defendant Van Cor's adverse actions toward Plaintiff
        were on account of his gender.

24.     On or about December 11, 2008, Defendant Van Cor evaluated Plaintiff,
        stating:

        There has not been sufficient evidence of opportunities for higher order
        thinking in either lesson plans or classroom observations.  Dr. Gallagher
        must consistently lead students to draw conclusions based on previous
        knowledge as well as have them determine meanings of words based on
        grammatical clues and concepts to be considered proficient.

25.     On or about December 13, 2008, Plaintiff submitted a written response to the
        evaluation, disagreeing with the conclusions.

26.     In his response, Plaintiff noted that "higher order thinking" had not been
        among Defendant Van Cor's priorities, and, nonetheless, he provided three
        examples of higher order thinking in his lessons.

27.     In his response, Plaintiff also noted his willingness to revise the entire Latin
        Curriculum for the school, for which he was given little recognition.

28.     Upon receipt of Plaintiff's response, Defendant Van Cor met with Plaintiff
        and threatened Plaintiff's employment.

29.     In a second meeting regarding Plaintiff's response, Defendant Van Cor again
        threatened Plaintiff's employment.

30.     During that second meeting, Defendant Van Cor touched Plaintiff sexually,
        caressing his leg from his knee to his crotch, and again offering that Plaintiff
        take up temporary residence with him when Plaintiff's lease expired.

3

31. Plaintiff was shocked and felt confused, angry, embarrassed, powerless, and dirty by the unwanted touching and innuendo.

32. Plaintiff shouted "stop" and ran from Defendant Van Cor's office.

33. Based on the threat to his employment, Plaintiff withdrew his response to the evaluation.

34. In order to avoid retaliatory conduct by Defendant Van Cor, Plaintiff undertook to demonstrate his exceptionalism, revising the Latin curriculum, integrating it with other educational paradigms used by the school.

35. Defendant Van Cor's response to this extraordinary effort was to again offer that Plaintiff take up residence with him.

36. On or about January 28, 2009, Defendant Van Cor permitted a parent of a student to verbally assault Plaintiff, criticizing Plaintiff in front of the parent, when Plaintiff had accurately quoted parental statutory responsibilities.

37. Following that meeting, Defendant Van Cor again chastised Plaintiff without merit.

38. On or about January 30, 2009, Plaintiff sent an electronic mail message to Defendant Van Cor regarding the January 28, 2009, meeting and requested that Defendant Van Cor not be Plaintiff's supervisor the following year.  A copy of that message was sent to Plaintiff's union representative.

39. On or about March 3, 2009, Plaintiff and Defendant Van Cor met to discuss complaints against Plaintiff by three female students, in retaliation for grades that acknowledged sub-par performance.

40. At that March 3, 2009, meeting, Defendant Van Cor threatened Plaintiff's employment, stating "Do you realize how easy it is for a Department Head to make a disgruntled girl's complaints appear generic and systemic?"

41. At the March 3, 2009, meeting, Defendant Van Cor again made sexual contact with Plaintiff's groin.  Plaintiff did not reciprocate Defendant Van Cor's advances.

42. Several days following the March 3, 2009, meeting, Defendant Van Cor announced to Plaintiff's class that Defendant Graves wanted to meet with Plaintiff regarding "generic and systemic" student complaints.

43. Following the meeting with Defendant Graves, an investigation into the student complaints was launched.

44. On or about March 10, 2009, Plaintiff provided Defendant Graves a sworn statement attesting to Defendant Van Cor's unprofessionalism.

45. On or about March 12, 2009, Defendant Graves issued Plaintiff a Letter of Reprimand, the substance of which, over-familiarity with students, directly contradicted school policies promoting such familiarity.

46. Defendant Graves failed to investigate or otherwise pursue Plaintiff's complaints about Defendant Van Cor.

47. On or about March 25, 2009, Plaintiff again provided Defendant Graves a complaint about Defendant Van Cor.

48. Defendant Graves responded to the March 25, 2009, by instructing Plaintiff to address the matter with Defendant Van Cor.  Complaints to Defendant Grenier and the Chairman of the Defendant Barnstable School Committee were similarly dismissed.

49. On or about March 29, 2009, Plaintiff contacted his union representative to complain of a "hostile work environment."

50. On or about March 30, 2009, Defendant Graves handed Plaintiff a Reduction in Force letter, indicating his employment would not be continued the following school year, notwithstanding an earlier promise to the contrary from Defendant Van Cor.

51. On or about April 7, 2009, Defendant Van Cor conducted an unscheduled evaluation of Plaintiff's class.

52. Following the April 7, 2009, evaluation, Defendant Van Cor told Plaintiff that he could be "conditionally" persuaded to write a positive report and again grabbed Plaintiff's leg near his crotch.

53. To avoid retaliation, Plaintiff did not run from the room and intimated that he might take Defendant Van Cor's offer of temporary residence, despite having no intention to actually do so.

54. In response, Defendant Van Cor stated that the evaluation would be excellent and that Plaintiff would be in position for a re-hire, despite the Reduction in Force., which excellent evaluation was provided on April 9, 2009.

55. Following the meeting on or about April 7, 2009, Plaintiff submitted a "Notice of Intent to File Complaint in Barnstable Superior Court" regarding the "hostile work environment" and retaliatory complaints and reduction in force letter.

5

56.   Subsequent to the molestation, Plaintiff sent an electronic mail message to Defendant Graves requesting a transfer away from Defendant Van Cor.

57.   Plaintiff also contacted the principal of the Barnstable Middle School regarding the possibility of transfer to that school.

58.   Plaintiff subsequently informed Defendant Van Cor that he no longer required the temporary residence due to an extension of his lease.

59.   On or about May 6, 2009, Defendant Van Cor evaluated Plaintiff as not having met certain benchmarks and concluded with "not recommended for rehire."

60.   On or about May 12, 2009, Plaintiff sent a copy of a draft Complaint to the Massachusetts Commission Against Discrimination to school officials.

61.   The Massachusetts Commission Against Discrimination is the state agency charged with enforcing state and federal anti-discrimination laws on the basis of gender, sex, and sexual harassment.  See, Mass.Gen.Laws, ch. 151B.

62.   Upon receipt of the draft complaint, legal counsel informed Plaintiff that he first needed to exhaust administrative remedies by complaining to the school's Sexual Harassment Officer.

63.   Subsequently, Plaintiff filed a complaint with the Sexual Harassment Officer.

64.   On or about May 20, 2009, the Sexual Harassment Officer ruled the Plaintiff's complaint to be "unsubstantiated" on the basis that Plaintiff could not recall which knee(s) were touched when, the specific dates, and the delay in reporting, notwithstanding the fear of retaliation and a victim's legitimate shame.

65.   Plaintiff also filed a preliminary report of sexual assault with the School's Police Officer.

66.   Plaintiff was placed on administrative leave by Defendants Graves and Grenier for complaining of Defendant Van Cor's conduct.

67.   At the end of the school year, school officials agreed to remove the letter of reprimand and Defendant Van Cor's negative comments, but failed to do so when Plaintiff sought reimbursement for legal fees and therapy.

68.   Plaintiff informed school district officials and stake holders of his complaints, which were reported upon by the Cape Cod Times and Boston Herald newspapers.

69.  Plaintiff's statements were utilized in the newspaper reports.

70.  Plaintiff was not rehired by the Barnstable School District.

71.  On September 14, 2009, Plaintiff filed a Complaint against Defendant Barnstable School District and Defendant Van Cor with the Massachusetts Commission Against Discrimination, cross-filed with the United States Equal Employment Opportunity Commission.

72.  On March 19, 2010, the Plaintiff's complaint was voluntarily dismissed to permit Plaintiff to commence the instant litigation.  See 804 CMR 1.15(2).

COUNT I

VIOLATION OF MASSACHUSETTS EQUAL RIGHTS ACT, G.L. C. 93, § 102(A)
SEXUAL HARASSMENT

73.  Plaintiff repeats the allegations set forth in paragraphs 1 through 73 as if each were separately and completely set forth herein.

74.  Plaintiff was party to a contract of employment with Defendant Barnstable School District.

75.  Defendant Van Cor's statements and actions, as agent of Defendant Barnstable School District, constituted unwelcome sexual harassment by creating a hostile work environment.

76.  The foregoing unwelcome sexual harassment prevented Plaintiff from making and enforcing his contract of employment.

77.  Defendant Van Cor, engaged in unwelcome *quid pro quo* sexual harassment when he, for himself and as agent of Defendant Barnstable School District, caused the termination and non-renewal of Plaintiff's contract of employment.

78.  The hostile work environment constituted violations of the Massachusetts Equal Rights Act, Mass.Gen.Laws, ch. 93, sec. 102(a).

79.  As a proximate result of such violations, Plaintiff suffered financial and emotional injuries, including lost wages, damage to professional reputation, emotional and physical harm, loss of sleep, loss of enjoyment of life, costs and attorneys' fees, for which he is entitled to recover from Defendant Van Cor and Defendant Barnstable School District.

COUNT II

VIOLATION OF MASSACHUSETTS EQUAL RIGHTS ACT, G.L. C. 93, § 102(A)
WRONGFUL TERMINATION

80.     Plaintiff repeats the allegations set forth in paragraphs 1 through 79 as if each
        were separately and completely set forth herein.

81.     Plaintiff was party to a contract of employment with Defendant Barnstable
        School District.

82.     Defendant Van Cor engaged in unwelcome *quid pro quo* sexual harassment
        when he, for himself and as agent of Defendant Barnstable School District,
        caused the termination and non-renewal of Plaintiff's contract of employment.

83.     Plaintiff's employment was terminated and not renewed on the basis of his
        sex, preventing him from making and enforcing his contract of employment.

84.     The termination and non-renewal violated the Massachusetts Equal Rights
        Act, Mass.Gen.Laws, ch. 93, sec. 102(a).

85.     As a proximate result of such violations, Plaintiff suffered financial and
        emotional injuries, including lost wages, damage to professional reputation,
        emotional and physical harm, loss of sleep, loss of enjoyment of life, costs and
        attorneys' fees, for which he is entitled to recover from Defendant Van Cor
        and Defendant Barnstable School District.

COUNT III

VIOLATION OF SEXUAL HARASSMENT STATUTE, G.L. C. 214, §1C

86.     Plaintiff repeats the allegations set forth in paragraphs 1 through 85 as if each
        were separately and completely set forth herein.

87.     Plaintiff was party to a contract of employment with Defendant Barnstable
        School District.

88.     Defendant Van Cor's statements and actions, as agent of Defendant
        Barnstable School District, constituted unwelcome sexual harassment by
        creating a hostile work environment.

89.     The foregoing unwelcome sexual harassment prevented Plaintiff from making
        and enforcing his contract of employment.

8

90.     Defendant Van Cor, engaged in unwelcome *quid pro quo* sexual harassment when he, for himself and as agent of Defendant Barnstable School District, caused the termination and non-renewal of Plaintiff's contract of employment.

91.     The hostile work environment constituted violations of Mass.Gen.Laws, ch. 214, sec. 1(c).

92.     As a proximate result of such violations, Plaintiff suffered financial and emotional injuries, including lost wages, damage to professional reputation, emotional and physical harm, loss of sleep, loss of enjoyment of life, costs and attorneys' fees, for which he is entitled to recover from Defendant Van Cor and Defendant Barnstable School District.

COUNT IV

VIOLATION OF MASSACHUSETTS FAIR EMPLOYMENT PRACTICES ACT, G.L. C. 151B, § 4
SEXUAL HARASSMENT

93.     Plaintiff repeats the allegations set forth in paragraphs 1 through 92 as if each were separately and completely set forth herein.

94.     Plaintiff was party to a contract of employment with Defendant Barnstable School District.

95.     Defendant Van Cor's statements and actions, as agent of Defendant Barnstable School District, constituted unwelcome sexual harassment by creating a hostile work environment.

96.     The foregoing unwelcome sexual harassment prevented Plaintiff from making and enforcing his contract of employment.

97.     Defendant Van Cor, engaged in unwelcome *quid pro quo* sexual harassment when he, for himself and as agent of Defendant Barnstable School District, caused the termination and non-renewal of Plaintiff's contract of employment.

98.     The hostile work environment constituted violations of the Massachusetts Fair Employment Practices Act, Mass.Gen.Laws, ch. 151B, sec. 4(1),(4A),(5), & (16A).

99.     As a proximate result of such violations, Plaintiff suffered financial and emotional injuries, including lost wages, damage to professional reputation, emotional and physical harm, loss of sleep, loss of enjoyment of life, costs and attorneys' fees, for which he is entitled to recover from Defendant Van Cor and Defendant Barnstable School District.

COUNT V

VIOLATION OF MASSACHUSETTS FAIR EMPLOYMENT PRACTICES ACT, G.L. C. 151B, § 4
WRONGFUL TERMINATION

100.    Plaintiff repeats the allegations set forth in paragraphs 1 through 99 as if each
        were separately and completely set forth herein.

101.    Plaintiff was party to a contract of employment with Defendant Barnstable
        School District.

102.    Defendant Van Cor engaged in unwelcome *quid pro quo* sexual harassment
        when he, for himself and as agent of Defendant Barnstable School District,
        caused the termination and non-renewal of Plaintiff's contract of employment.

103.    Plaintiff's employment was terminated and not renewed on the basis of his
        sex.

104.    Plaintiff's employment was terminated and not renewed on the basis of having
        opposed unlawful conduct under G.L. c. 151B.

105.    The termination and non-renewal constituted violations of the Massachusetts
        Fair Employment Practices Act, Mass.Gen.Laws, ch. 151B, sec. 4(1), (4),
        (4A), (5), & (16A).

106.    As a proximate result of such violations, Plaintiff suffered financial and
        emotional injuries, including lost wages, damage to professional reputation,
        emotional and physical harm, loss of sleep, loss of enjoyment of life, costs and
        attorneys' fees, for which he is entitled to recover from Defendant Van Cor
        and Defendant Barnstable School District.

COUNT VI

VIOLATION OF CIVIL RIGHTS ACT, 42 U.S.C. § 2000E
SEXUAL HARASSMENT

107.    Plaintiff repeats the allegations set forth in paragraphs 1 through 106 as if
        each were separately and completely set forth herein.

108.    Plaintiff was party to a contract of employment with Defendant Barnstable
        School District.

109.   Defendant Van Cor's statements and actions, as agent of Defendant
       Barnstable School District, constituted unwelcome sexual harassment by
       creating a hostile work environment.

110.   The foregoing unwelcome sexual harassment prevented Plaintiff from making
       and enforcing his contract of employment.

111.   Defendant Van Cor, engaged in unwelcome *quid pro quo* sexual harassment
       when he, for himself and as agent of Defendant Barnstable School District,
       caused the termination and non-renewal of Plaintiff's contract of employment.

112.   The hostile work environment constituted violations of Title VII of the Civil
       Rights Act, 42 U.S.C. § 2000e-2(a)(1).

113.   As a proximate result of such violations, Plaintiff suffered financial and
       emotional injuries, including lost wages, damage to professional reputation,
       emotional and physical harm, loss of sleep, loss of enjoyment of life, costs and
       attorneys' fees, for which he is entitled to recover from Defendant Van Cor
       and Defendant Barnstable School District.


COUNT VII

VIOLATION OF CIVIL RIGHTS ACT, 42 U.S.C. § 2000E
WRONGFUL TERMINATION

114.   Plaintiff repeats the allegations set forth in paragraphs 1 through 113 as if
       each were separately and completely set forth herein.

115.   Plaintiff was party to a contract of employment with Defendant Barnstable
       School District.

116.   Defendant Van Cor engaged in unwelcome *quid pro quo* sexual harassment
       when he, for himself and as agent of Defendant Barnstable School District,
       caused the termination and non-renewal of Plaintiff's contract of employment.

117.   Plaintiff's employment was terminated and not renewed on the basis of his
       sex.

118.   Plaintiff's employment was terminated and not renewed on the basis of having
       opposed unlawful conduct under G.L. c. 151B.

119.   The termination and non-renewal constituted violations of Title VII of the
       Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1) & 2000e-3(a).

11

120.   As a proximate result of such violations, Plaintiff suffered financial and
       emotional injuries, including lost wages, damage to professional reputation,
       emotional and physical harm, loss of sleep, loss of enjoyment of life, costs and
       attorneys' fees, for which he is entitled to recover from Defendant Van Cor
       and Defendant Barnstable School District.


COUNT VIII

VIOLATION OF 42 U.S.C. § 1983

121.   Plaintiff repeats the allegations set forth in paragraphs 1 through 120 as if
       each were separately and completely set forth herein.

122.   Plaintiff was party to a contract of employment with Defendant Barnstable
       School District.

123.   Plaintiff's supervisors were his department head, Defendant Van Cor, his
       principal, Defendant Graves, and the school district superintendent, Defendant
       Grenier.

124.   Defendant Barnstable School District is a constituent body of Defendant
       Town of Barnstable, overseen by Defendant Barnstable School Committee.

125.   On or about June 14, 2009, Plaintiff sent a message to stakeholders, including
       parents, of the Barnstable School District regarding the acts of Defendants.

126.   Such message was an exercise in Plaintiff's right to freedom of speech
       pursuant to U.S. CONST. AMEND. I.

127.   The behavior of a department head toward his subordinates in a public school
       is a matter of public concern.

128.   The failure of a principal to appropriately respond to complaints about the
       behavior of a department head toward his subordinates in a public school is a
       matter of public concern.

129.   In retaliation for Plaintiff's speech, Defendant Graves made a public statement
       condemning such speech.

130.   In retaliation for Plaintiff's speech, Defendants terminated and failed to renew
       Plaintiff's contract of employment.

131.   The termination and non-renewal constituted violations of 42 U.S.C. § 1983.

12

132.    As a proximate result of such violations, Plaintiff suffered financial and
        emotional injuries, including lost wages, damage to professional reputation,
        emotional and physical harm, loss of sleep, loss of enjoyment of life, costs and
        attorneys' fees, for which he is entitled to recover from Defendants.

## DEMAND FOR JURY TRIAL

133.    Plaintiff hereby demands a trial by jury on all triable issues in the instant
        matter including, but not limited to, all counts of his Complaint, as amended,
        and any and all Defenses, including Affirmative Defenses, Counterclaims,
        Cross-Claims, and/or Third-Party Claims as may arise.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants
as hereinafter set forth, including, *inter alia:*

(a) Determine the damages sustained by Plaintiff as a result of Defendants' violations
    of law and award those damages against the Defendants in favor of Plaintiff,
    including but not limited to attorney's fees, costs, back pay, front pay, emotional
    distress damages, and/or interest;

(b) Order Defendants to cease and desist from committing unlawful employment
    practices;

(c) Grant Plaintiff such other and further relief as the Court may deem just and
    proper.

Dated:  May 16, 2011                        Respectfully submitted,
                                            Plaintiff, Robert J. Gallagher,
                                            By his attorneys,

                                            */s/Jay M. Wolman*_____
                                            Stephen L. D'Angelo, Esquire
                                            BBO No.  640900
                                            Jay M. Wolman, Esquire
                                            BBO No. 666053
                                            60 State Street, Suite 700
                                            Boston, MA  02109
                                            (617) 624-9777 (Telephone)
                                            (617) 624-0999 (Facsimile)
                                            steve.dangelo@lawyeradvocates.com
                                            jay.wolman@lawyeradvocates.com

13

CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2011, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

*/s/Jay M. Wolman* _____
Jay M. Wolman (BBO#666053)
D'Angelo & Hashem, LLC
60 State Street, Suite 700
Boston, MA 02109
(617) 624-9777
Jay.Wolman@lawyeradvocates.com

14