IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT J. GALLAGHER,** | Civil Action No. 1:10-cv-11005-GAO |
| Plaintiff, | |
| VS | |
| **TOWN OF BARNSTABLE,** *et al.* | |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANTS' PARTIAL MOTION TO DISMISS**

NOW COMES Plaintiff Robert Gallagher (hereinafter "Plaintiff" or "Mr. Gallagher"), and pursuant to Fed.R.Civ.P. 12(b)(6), hereby opposes Defendants Town of Barnstable, Barnstable School District, Barnstable School Committee, Patricia Grenier, Patricia Graves and Kenneth W. Van Cor's (collectively "Defendants") Partial Motion to Dismiss. Plaintiff's claims against Defendants have all been properly alleged.

**I.   Legal Standard**

In deciding a motion to dismiss, a "court must 'take all factual allegations as true and draw all reasonable inferences in favor of the plaintiff.'" Pettengill v. Curtis, 584 F.Supp.2d 348, 362 (D.Mass.2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)). The Complaint, when taken as true, need only demonstrate a plausible claim for relief. See, Bell Atlantic v. Twombly, 550 U.S. 544, 555-558(2007); Trans-Spec Truck Service, Inc., 524 F.3d 315, 320 (1st Cir. 2008).

In considering the arguments of the parties, the Court cannot look beyond the pleadings except "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). In reviewing the Third Amended Complaint, the Court will find that Plaintiff properly pleaded his case against Defendants as set forth in the Third Amended Complaint.

**II.    Analysis**

    A.    Counts I, II, and III May be Brought, Notwithstanding Any Other Claims Plaintiff Has

Plaintiff brought several sexual harassment and wrongful termination claims against Defendants Barnstable School District and Kenneth W. Van Cor pursuant to several statutes. As set forth in the Third Amended Complaint, Plaintiff has alleged that while a teacher of Latin at Barnstable High School, his department chairman, Kenneth Van Cor, made sexual advances toward him, including making sexual contact with his genital region. Plaintiff further alleged that he rebuffed these sexual advances, the consequence of which was the termination from employment, notwithstanding his protestations to the principal and superintendent.

The law of the Commonwealth of Massachusetts prohibits this conduct in multiple fashion. Hostile work environment and *quid pro quo* sexual harassment are barred under the Massachusetts Employment Rights Act, G.L. c. 93, sec. 102, the Massachusetts Fair Employment Practices Act, G.L. c. 151B, and the Massachusetts Sexual Harassment

Statute, G.L. c. 214, sec. 1C.  Counts I and II were brought pursuant to the Massachusetts Equal Rights Act (hereinafter "MERA") for sexual harassment and wrongful termination, respectively.  Count III was brought pursuant to the Massachusetts Sexual Harassment Statute (hereinafter "214/1C") for sexual harassment.  Counts IV and V were brought pursuant to the Massachusetts Fair Employment Practices Act (hereinafter "Chapter 151B") for sexual harassment and wrongful termination, respectively.  Defendants assert that Counts I, II, and III must be dismissed by virtue of the existence of Counts IV and V.  Defendants are mistaken.

In support of their assertion, Defendants refer this Court to <u>Green v. Wyman-Gordon Co.</u>, 422 Mass. 551 (1996) and <u>Guzman v. Lowinger</u>, 422 Mass. 570 (1996).  Those two cases, and a third case decided that day, <u>Doe v. Purity Supreme, Inc.</u>, 422 Mass. 563 (1996), effectively state that if a plaintiff is entitled to recover under Chapter 151B, he cannot recover under 214/1C or MERA, due to exclusivity of remedies.  Although at a glance those cases would seem to support Defendants' argument, upon taking a closer look that casual reading must be rejected.  In each of those three cases, the Supreme Judicial Court of Massachusetts reviewed cases decided on motions for summary judgment, not motions to dismiss.  In such motions, all genuine issues of material fact must not be in dispute.  The analysis undertaken at the summary judgment stage cannot be applied to the pleadings stage.

Defendants' motion presupposes that Plaintiff has a remedy under Chapter 151B. As the Supreme Judicial Court more recently recognized, a MERA claim (and presumably a

214/1C claim) may be brought where a remedy under Chapter 151B has not been found. See, Thurdin v. SEI Boston, LLC, 452 Mass. 436, 445 (2008). At the pleadings stage, it is unclear whether Plaintiff may ultimately find relief in his Chapter 151B claims. Plaintiff "has every right to plead in the alternative" at the pleadings stage. See, Palandjian v. Pahlavi, 614 F.Supp. 1569, 1579 (D.Mass. 1985), *citing* Fed.R.Civ.P. 8(a)(3) (a pleading "may include relief in the alternative"). It may be that Plaintiff may ultimately be precluded from bringing Counts I, II, and III, but as Defendants have not conceded liability under Chapter 151B, dismissal is inappropriate.

B.    Defendant Van Cor is Individually Liable for his Violations of Title VII

In Counts VI and VII, Plaintiff brings claims against both the Barnstable School District and its agent, Kenneth Van Cor, for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e *et seq.* Just as Defendant Van Cor faces individual liability under Chapter 151B, the state analog of Title VII, there is no reason he cannot incur liability at the Federal level. While the Defendants are correct that the First Circuit ruled in Fantini v. Salem State College, 557 F.3d 22 (1st Cir. 2009), that supervisors who cause violations of Title VII may not themselves be found individually liable, that ruling is in conflict with the statute and Supreme Court precedent.

A plain reading of the statute states that an "employer" is a "person engaging in an industry affecting commerce who has fifteen or more employees…and any agent of such a person". 42 U.S.C. sec. 2000e(b). A plain reading of the statute suggests that Congress intended to impose individual liability upon the agent as well as the principal. Such

4

should end the inquiry.  See, Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475 (1992).

To the contrary, the United States Supreme Court has held that Title VII is intended to restrict the ability of an agent to engage in harassment.  See, Meritor Saving Bank, FSB v. Vinson, 477 U.S. 57, 72 (1986) ("Congress' decision to define "employer" to include any "agent" of an employer, 42 U.S.C. § 2000e(b), surely evinces an intent to place some limits on the acts of employees for which employers under Title VII are to be held responsible.")  See also, Tomka v. Seiler Corp., 66 F.3d 1295, 1318 (2nd Cir. 1995)(Parker, J. dissenting).  As the holding in Fantini is in direct conflict with the statutory language and with Meritor, the Court should look to Meritor and permit Plaintiff to prosecute his Title VII claims against Defendant Van Cor.

      C.     Defendants are Liable for Violating Section 1983

In Count VIII of his Third Amended Complaint, Plaintiff brought a claim against all Defendants for their collective violation of 42 U.S.C. sec. 1983.  As set forth therein, at Paragraphs 68, 69, 70 & 125, Plaintiff sent an electronic mail message to stakeholders of the Barnstable School District on June 14, 2009.  This message spoke of the inappropriate and harassing conduct of Defendant Van Cor and Defendants' collective failure to remedy the offense.  This message was of such import that it was reported upon by the Cape Cod Times and the Boston Herald.  In consequence of that message, that expression of speech, Defendants terminated and failed to renew his contract.

5

Although Defendants attempt to deny that Plaintiff's speech was a matter of public concern, entitling it to First Amendment protection, such is belied by Paragraphs 68 and 69 of the Third Amended Complaint. The fact of the electronic mail message and portions thereof were reported by both the Cape Cod Times and the Boston Herald. He was not simply voicing his concerns to his superiors, but rather he was voicing them to the citizenry, the stakeholders in the institution. Such satisfies the requirements of speaking as a citizen and speaking on a matter of public concern. See, Garcetti v. Ceballos, 547 U.S. 410, 418 (2006). Defendants cannot ignore these facts as alleged in the Third Amended Complaint. Unlike the defendant in Connick v. Myers, 461 U.S. 138 (1982), Plaintiff was not simply addressing his individual employment status but rather spoke of his concern that students not suffer the sexual molestation he suffered. A copy of the Cape Cod Times article referenced in Paragraph 69, is: Berry, Jake, "Teacher's e-mail claims sexual assaults", Cape Cod Times, Jun. 16, 2009, available at <http://www.capecodonline.com/apps/pbcs.dll/article?AID=/20090616/NEWS/906160318 > (accessed June 16, 2011), appearing at "Exhibit B", submitted herewith.

Plaintiff's claim satisfies the balancing test of Pickering v. Board of Education, 391 U.S. 563 (1968), that weighs the speech against the efficiency of public services. For unknown reasons, Defendants spend significant effort addressing Plaintiff's internal complaints earlier in the school year, but ignoring the speech for which Plaintiff claims unlawful retaliation, *i.e.* the electronic mail message that received press coverage. Defendants claim, without basis in fact, that Plaintiff, by allegedly "reject[ing] constructive criticism, vilif[ying] his supervisors, and openly challeng[ing] their power to

6

set ground rules", this jeopardized the efficiency of the schools.  First, this is not a proper question for a Rule 12(b)(6) motion, as in the light most favorable to Plaintiff there is no suggestion of these allegations.  Second, and more important, it is implausible to suggest that suborning sexual harassment and molestation helps the Barnstable High School educate students efficiently.  Plaintiff's speech could, in no way, impair Defendants' ability to educate, and it enjoys the full protections of the First Amendment as a consequence.

Defendants misapprehend the timeline when they argue that the claim must fail because no retaliatory conduct occurred subsequent to Plaintiff's expression of speech.  Defendants point to no portion of the Third Amended Complaint that suggests that all of their misbehavior occurred prior to the sending of the electronic mail message.  Plaintiff sent the message prior to the close of the academic year; though he was "not recommended for rehire", actual termination had not been effected.  Moreover, Defendants' malfeasance is ongoing; they have yet to renew his contract in consequence of his having sent the message.

Such ongoing malfeasance, the failure to rehire, gives rise to liability for all Defendants, including Defendants Town of Barnstable, Barnstable School District, and Barnstable School Committee.  As alleged in the Third Amended Complaint, these entities control and develop policy for Plaintiff's employment.  See Paragraphs 122, 123, and 124.  Although Defendants attempt to distract the Court with a discussion of a municipality's liability for failure to train and whether it can be liable through *respondeat superior* or

other vicarious liability theory, Plaintiff does not allege vicarious liability or failure to train. Instead, Plaintiff claims that the municipal defendants have acted to continue to not rehire him.

Recently, the U.S. Supreme Court revisited the question of municipal liability under Section 1983 and the issues raised in City of Canton v. Harris, 489 U.S. 378 (1989). In Connick v. Thompson, 563 U.S. ___ (2011), the Supreme Court addressed the situations under which municipal liability may be imposed. It stated that "Plaintiffs who seek to impose liability on local governments under §1983 must prove that 'action pursuant to official municipal policy' caused their injury." Connick, slip op. at 8, citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978). Notwithstanding Defendants' claim to the contrary, even a "single incident" may give rise to municipal liability. Connick, slip op. at 16. Here, the municipal defendants engaged in a "policy of inaction" despite Plaintiff's speech and subsequent complaints, that such "is the functional equivalent of a decision by the [municipal defendants themselves] to violate the Constitution." Connick, slip op. at 9, quoting Canton at 395 (O'Connor, J., concurring in part and dissenting in part). Defendants' ongoing Constitutional violation is based on the policy of inaction in failing to rehire Plaintiff as punishment for his protected speech. Therefore, the motion must be denied.

### III.   Conclusion

As set forth above, Plaintiff pleaded sufficiently to demonstrate that all causes of action in the Third Amended Complaint can be maintained against the Defendants as set forth

therein.  The Partial Motion to Dismiss should be denied.  A proposed order appears at "Exhibit A", attached hereto and incorporated herein by reference.

## REQUEST FOR ORAL ARGUMENT

NOW COMES Plaintiff Robert Gallagher and, pursuant to Local Rule 7.1(d), hereby requests oral argument on the motion and the instant opposition.


Dated:  June 20, 2011	Respectfully submitted,
	Plaintiff, Robert J. Gallagher,
	By his attorneys,

	*/s/Jay M. Wolman*_____
	Stephen L. D'Angelo, Esquire
	BBO No.  640900
	Jay M. Wolman, Esquire
	BBO No. 666053
	60 State Street, Suite 700
	Boston, MA  02109
	(617) 624-9777 (Telephone)
	(617) 624-0999 (Facsimile)
	steve.dangelo@lawyeradvocates.com
	jay.wolman@lawyeradvocates.com

9

CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2011, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/Jay M. Wolman* _____
Jay M. Wolman (BBO#666053)
D'Angelo & Hashem, LLC
60 State Street, Suite 700
Boston, MA 02109
(617) 624-9777
Jay.Wolman@lawyeradvocates.com

10