IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT J. GALLAGHER,** | Civil Action No. 1:10-cv-11005-GAO |
| Plaintiff, | |
| VS | |
| **TOWN OF BARNSTABLE,** *et al.* | |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE PARAGRAPH 67 OF PLAINTIFF'S
THIRD AMENDED COMPLAINT**

NOW COMES Plaintiff Robert Gallagher (hereinafter "Plaintiff" or "Mr. Gallagher"), and pursuant to Fed.R.Civ.P. 12(f), hereby opposes Defendants Town of Barnstable, Barnstable School District, Barnstable School Committee, Patricia Grenier, Patricia Graves and Kenneth W. Van Cor's (collectively "Defendants") Motion to Strike Paragraph 67 of Plaintiff's Third Amended Complaint. Plaintiff's paragraph 67 was properly pleaded.

**I.      Legal Standard**

In Bose Corp. v. Lightspeed Aviation, Inc., 691 F. Supp.2d 275, 278 (D. Mass., 2010), Judge Young summarized how the District of Massachusetts has passed upon Fed.R.Civ.P. 12(f) as follows:

> Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike defenses under Rule 12(f) are

1

> generally disfavored; therefore, the Court should grant such motions only when it is "beyond cavil that the defendant could not prevail on their defenses." <u>Honeywell Consumer Prods., Inc. v. Windmere Corp.</u>, 993 F.Supp. 22, 24 (D.Mass.1998) (Gorton, J.) (quoting <u>Coolidge v. Judith Gap Lumber Co</u>., 808 F.Supp. 889, 893 (D.Me.1992)). One well known treatise states the following with respect to Rule 12(f) motions: "Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character. Thus even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1381, at 421-22 (3d ed. 2004); see also <u>S.E.C. v. Northern</u>, 400 F.Supp.2d 362, 364 (D.Mass.2005) (Gorton, J.) (discussing legal standard of review for Rule 12(f) motions).

While these cases have dealt with motions to strike a defense, the standard should apply for all matters under the rule. As <u>Roe v. City of New York</u>, 151 F.Supp.2d 495, 501 (S.D.N.Y. 2001) indicates, cited favorably by Defendants, a neutral reading of the rule comports with the District of Massachusetts's interpretation.

**II.     <u>Analysis</u>**

In Paragraph 67 of the Third Amended Complaint, Plaintiff stated as follows:

> At the end of the school year, school officials agreed to remove the letter of reprimand and Defendant Van Cor's negative comments, but failed to do so when Plaintiff sought reimbursement for legal fees and therapy.

In context, it is helpful to note that the Plaintiff brought several sexual harassment and wrongful termination claims against Defendants Barnstable School District and Kenneth W. Van Cor pursuant to several statutes. As set forth in the Third Amended Complaint, Plaintiff has alleged that while a teacher of Latin at Barnstable High School, his department chairman, Kenneth Van Cor, made sexual advances toward him, including making sexual contact with his genital region. Plaintiff further alleged that he rebuffed these sexual advances, the consequence of which was a letter of reprimand, negative

written review, and the termination from employment, notwithstanding his protestations to the principal and superintendent.

Plaintiff complained of the mistreatment. Defendants claim that when the school officials agreed to remove the letter of reprimand and Defendant Van Cor's negative comments, such relates to an offer of compromise. Defendants present no evidence to this effect, by affidavit or otherwise. Without evidence, there is no basis for the contention that it was an offer to compromise.

Paragraph 67 was pleaded for a legitimate purpose. A proper reading of Paragraph 67 shows that Defendants took Plaintiff's allegations seriously and sought to undo the damage caused by Defendant Van Cor and his superiors. It is otherwise ethically and legally questionable for a governmental entity to propose the destruction and/or alteration of government records. The agreement to remove the information is tantamount to an admission by Defendants that the letter and comments were improperly included in Plaintiff's file. It is a highly material fact and is not subject to being stricken per <u>Fuchs Sugars & Syrups, Inc. v. Amstar Corp.</u>, 402 F.Supp. 636 (S.D.N.Y. 1975) or otherwise. When the Defendants rescinded their agreement upon Plaintiff's demand for compensation, such is the antithesis of an offer to compromise and is not barred by F.R.E. 408. Instead, it shows that Defendants' pecuniary priorities were more important to them than their ethical and legal priorities in removing the scandalous material from his file. As Paragraph 67 is not barred by F.R.E 408, there is no basis to strike it under Fed.R.Civ.P. 12(f), rendering irrelevant Defendants' statutory citations.

### III. <u>Conclusion</u>

As set forth above, Plaintiff's Paragraph 67 was properly included in the Third Amended Complaint. The Motion to Strike should be denied. A proposed order appears at "Exhibit A", attached hereto and incorporated herein by reference.

### REQUEST FOR ORAL ARGUMENT

NOW COMES Plaintiff Robert Gallagher and, pursuant to Local Rule 7.1(d), hereby requests oral argument on the motion and the instant opposition.

Dated:  June 20, 2011                                Respectfully submitted,
                                                     Plaintiff, Robert J. Gallagher,
                                                     By his attorneys,

                                                     */s/Jay M. Wolman*
                                                     Stephen L. D'Angelo, Esquire
                                                     BBO No.  640900
                                                     Jay M. Wolman, Esquire
                                                     BBO No. 666053
                                                     60 State Street, Suite 700
                                                     Boston, MA  02109
                                                     (617) 624-9777 (Telephone)
                                                     (617) 624-0999 (Facsimile)
                                                     steve.dangelo@lawyeradvocates.com
                                                     jay.wolman@lawyeradvocates.com

CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2011, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/Jay M. Wolman* _____
Jay M. Wolman (BBO#666053)
D'Angelo & Hashem, LLC
60 State Street, Suite 700
Boston, MA 02109
(617) 624-9777
Jay.Wolman@lawyeradvocates.com